1 | Olu K. Orange, Esq. (SBN 213653)
o.orange@orangelawoffices.com
2 | ORANGE LAW OFFICES
3435 Wilshire Boulevard, Suite 2910
3 | Los Angeles, California 90010
TEL:  (213) 736-9900
4 | FAX:  (213) 417-8800

5 | *Attorney for Plaintiff*

6

7

8

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

9

10

BLUE HIGHWAYS HOLDINGS III LLC,

             Plaintiff,

   v.

JLP RETAIL HOLDING COMPANY, INC., FORMERLY NAMED  JL POWELL, INC.,

             Defendant.

CASE NO.

**COMPLAINT FOR DECLARATORY RELIEF**

*EXHIBITS A through R attached hereto: (Ex. A: Amended and Restated LLC Agreement of JL Powell LLC/
Ex. B: Contribution Agreement with Schedules /
Ex. C: Joint Written Consent of JL Powell, Inc. /
Ex. D: Bill of Sale and Assignment Agreement /
Ex. E: Written Consent of Board of Directors and 1st Amendment to LLC Agreement of JL Powell LLC /
Ex. F: Promissory Note 10/20/10 /
Ex. G: Loan and Security Agreement 10/20/10 /
Ex. H: Amendment No.1 to Convertible Note and Loan Security Agreement /
Ex. I: Action by Written Consent of JL Powell LLC Board 02/10/11 /
Ex. J: Promissory Note 07/29/11 /
Ex. K: Loan and Security Agreement 07/29/11 /
Ex. L: Resignation of Joshua L. Powell from Board of JL Powell LLC/
Ex. M: Promissory Note 08/07/12 /
Ex. N: Security Agreement 08/07/12 /
Ex. O: Notice of Foreclosure /
Ex. P: Resignation of Laird Koldyke from Board of JL Powell LLC/*

1

*Ex. Q: Minutes of the JL Powell LLC Board 01/31/13 /*
*Ex. R: Secured Creditor's Release Bill of Sale 01/31/13 )*

**PLAINTIFF ALLEGES AS FOLLOWS**:

Plaintiff Blue Highways Holdings III LLC complains against Defendant JLP Retail Holding Company, Inc., formerly named JL Powell, Inc., and seeks declaratory relief as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Blue Highways Holdings III LLC ("Blue Highways") is a Delaware limited liability company.  None of the members of Blue Highways is a citizen of Michigan, and each member is a citizen of a State other than Michigan or a citizen of a foreign state.

2.    Defendant JLP Retail Holding Company, Inc., formerly named JL Powell, Inc. ("JL Powell, Inc."), is a corporation organized under the laws of Michigan with its principal place of business in Michigan.

3.    On or about March 10, 2010, Plaintiff Blue Highways and Defendant JL Powell, Inc. entered into a limited liability company agreement for an entity, JL Powell LLC, that was created to effect the acquisition by Blue Highways of the J.L. Powell catalog and e-commerce business.  A copy of the Amended and Restated Limited Liability Company Agreement of JL Powell LLC ("LLC Agreement of JL Powell LLC") is attached as Exhibit A.   An actual controversy has arisen relating to the rights and obligations of the parties under their LLC Agreement.

4.    The Court has original subject matter jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the

Complaint for Declaratory Relief

1   matter in controversy, without interest and costs, exceeds the sum or value of

2   $75,000.

3   5.   The Court has personal jurisdiction over the Defendant, and venue is proper in

4       this judicial district, because the parties agreed in the LLC Agreement of JL

5       Powell LLC to personal jurisdiction and venue in this Court.  Exhibit A, par.

6       17.8 at p. 38.

7   6.   Pursuant to 28 U.S.C. § 2201, the Court has authority to declare the rights and

8       other legal relations of the parties with the force and effect of a final judgment

9       or decree.

10

11                                **GENERAL ALLEGATIONS**

12  7.   Defendant JL Powell, Inc. was founded in 2006 by Joshua L. Powell ("Mr.

13       Powell") for the sale of high-end men's sportswear and accessories through the

14       J.L. Powell catalog and e-commerce website.

15  8.   In 2007, Mr. Powell began seeking additional capital for his newly founded

16       company.  In April 2009, JL Powell, Inc. completed a recapitalization, but

17       continued to require additional capital to conduct its operations.  Mr. Powell

18       had discussions with numerous prospective lenders and buyers for several

19       months.  By 2010, JL Powell, Inc. was struggling financially and likely to go

20       out of business unless it could obtain a significant infusion of cash capital.

21  9.   Mr. Powell was unable to find a prospective purchaser until early 2010, when

22       Bruce Willard and his company, Plaintiff Blue Highways, agreed to acquire a

23       controlling interest in the J.L. Powell business in exchange for a cash infusion

24       of $2.5 million dollars.

25  10.  To effect the acquisition by Blue Highways, the parties agreed to create a new

26       entity:  JL Powell LLC.  Blue Highways contributed $2.5 million to this new

27       limited liability company, while Mr. Powell contributed his company's assets,

28       consisting primarily of its trade names, trademarks, service marks, logos, and

3

Complaint for Declaratory Relief

1  other intellectual property relating to the J.L. Powell brand, and the exclusive

2  right to commercial use of his personal name and endorsement in the

3  company's business of selling men's sportswear and gear.

4  11.  Initially, Blue Highways became the sole member of the new LLC and funded

5  it with $2.5 million in cash.  The next step of the acquisition included, among

6  other transaction documents, a Contribution Agreement, a copy of which is

7  attached as Exhibit B, a Joint Written Consent of the Directors and

8  Shareholders of JL Powell, Inc. approving the transaction, a copy of which is

9  attached as Exhibit C, a Bill of Sale and Assignment Agreement, a copy of

10  which is attached as Exhibit D, and the LLC Agreement of JL Powell LLC

11  attached as Exhibit A.

12  12.  The Contribution Agreement provided that Defendant JL Powell, Inc. was

13  conveying to the newly created JL Powell LLC substantially all of its assets,

14  which  consisted primarily of JL Powell, Inc.'s trade names, trademarks,

15  service marks, logos, and other intellectual property relating to the J.L. Powell

16  brand.  In addition, the Contribution Agreement included Mr. Powell's

17  conveyance to JL Powell LLC of the exclusive right to use of his personal

18  name—J.L. Powell—and endorsement in the business of the company.

19  13.  In return for the contribution of substantially all of its assets, valued by the

20  parties at $1,885, 965 at that time, JL Powell, Inc. received "Class B"

21  membership units representing a 43% percentage interest in JL Powell LLC.

22  In return for its contribution of $2,500,000, Blue Highways received "Class A"

23  membership units representing a 57% controlling interest in the new entity that

24  would operate the J.L. Powell catalog business.

25  14.  Subsequent to the closing of the merger and acquisition transaction, certain

26  liabilities of JL Powell, Inc. were discovered, certain breaches of

27  representations and warranties made by JL Powell, Inc. occurred, and certain

28  breach of contract claims were brought against JL Powell LLC that, in the

4

Complaint for Declaratory Relief

1   aggregate, gave rise to losses of approximately $454,981, all of which were

2   required to be indemnified by JL Powell, Inc. pursuant to the Contribution

3   Agreement (the "indemnified losses").

4   15.   The Contribution Agreement provided that JL Powell, LLC could elect to

5   recover any indemnified losses by cancellation and/or redemption of Class B

6   membership units held by JL Powell, Inc. and by offset and reduction of any

7   amounts otherwise payable or distributable to JL Powell, Inc. with respect to

8   its Class B membership interests.  As a result, and as reflected in the JL Powell

9   LLC Unanimous Written Consent of Board of Directors and First Amendment

10   to Amended and Restated Limited Liability Company Agreement, attached as

11   Exhibit E, the parties revised the valuation of the JL Powell, Inc. contributed

12   assets to approximately $1,430,984, reflecting a reduction by the amount of the

13   indemnified losses.  Accordingly, the parties agreed to cancel 65,937 of JL

14   Powell, Inc.'s Class B membership units and issue an additional 65,937 Class

15   A membership units to Blue Highways so that the percentage share

16   represented by JL Powell, Inc.'s Class B membership units was reduced to

17   36.4%, and the percentage share represented by Blue Highways membership

18   units, subject was increased to 63.6%.

19   16.   In order to protect the intellectual property rights that had been contributed to

20   the newly formed JL Powell LLC, the parties agreed that JL Powell, Inc.

21   would change its name to JLP Retail Holding Company, Inc. immediately

22   following the merger and acquisition transaction.  Contribution Agreement

23   (Exhibit B) Sec. 7.1(a), at p. 35.

24   17.   Under the LLC Agreement of JL Powell LLC (Exhibit A), the authority to

25   manage the company resides in a board of directors consisting of three board

26   members elected by Blue Highways (the "Class A Directors") and two board

27   members elected by JL Powell, Inc. (the "Class B Directors").  Initially, as

28   shown in the LLC Agreement, Blue Highways elected Bruce Willard and

5

William End as its first two Class A Directors on the board, and JL Powell, Inc. elected Joshua L. Powell and Martin Laird Koldyke to serve as its Class B Directors on the board.  LLC Agreement of JL Powell LLC (Exhibit A) Par. 6.3.2 at p. 16.  Blue Highways later added William Dargie as its third Class A Director on the board.

18.  Within a matter of months after the closing of the acquisition transaction, it became clear that JL Powell LLC required still more cash to sustain and develop the J.L. Powell catalog operations.  Institutional financing was not a viable option for the struggling entity.  JL Powell, Inc. refused or declined to advance any additional cash capital to JL Powell LLC.   As a result, the only viable source of the needed additional cash infusion was Blue Highways.

19.  In the LLC Agreement of JL Powell LLC (Exhibit A), the parties addressed in advance how they would treat loans by a member to the LLC, expressly providing that "loans by Members to the Company shall not be considered Capital Contributions.  . . . The amount of any such advances shall be a debt of the Company to such Member and shall be payable or collectible in accordance with the terms and conditions upon which such advances are made."  LLC Agreement of JL Powell LLC (Exhibit A), par. 3.4 at p. 10.

20.  In late 2010, Plaintiff Blue Highways, advanced a loan of $500,000 to JL Powell LLC.  The loan transaction was authorized and approved by the entire board of directors of JL Powell LLC, including the two directors elected by Defendant JL Powell, Inc.  A copy of the promissory note is attached as Exhibit F.  A copy of the Security Agreement is attached as Exhibit G.  A copy of Amendment No. 1 to the Note and Loan Agreement is attached as Exhibit H.  A copy of the Written Consent of the JL Powell LLC board of directors approving this financing loan from Blue Highways, signed by all five directors, is attached as Exhibit I.

Complaint for Declaratory Relief

21.  In 2011, the company's continued need for cash compelled Blue Highways to make another loan advance in the amount of $400,000.  Once again, the loan was approved by the entire board of directors of JL Powell LLC, including the two directors elected by JL Powell, Inc.  One of the directors elected by JL Powell, Inc., Martin Laird Koldyke, signed the promissory note from JL Powell LLC to Blue Highways.  A copy of the promissory note for this loan advance is attached as Exhibit J.  A copy of the loan security agreement is attached as Exhibit K.

22.  On or about May 14, 2012, Joshua L. Powell resigned from the board of JL Powell LLC.  A copy of Mr. Powell's letter of resignation is attached as Exhibit L.  JL Powell, Inc. did not elect anyone to replace Mr. Powell as one of its two Class B Directors on the board.

23.  In August 2012, JL Powell LLC again needed further cash in order to sustain its operations, and Blue Highways was compelled to make a further loan advance in the amount of $500,000.  A copy of the promissory note is attached as Exhibit M.  A copy of the loan security agreement is attached as Exhibit N.

24.  By late 2012, JL Powell LLC had defaulted on the loan advances made to it by Blue Highways pursuant to the notes and security agreements that had been approved by the full board of directors of JL Powell LLC, including the two directors that had been appointed by the Class B member, JL Powell, Inc. These loans were secured by all the assets of JL Powell LLC, tangible and intangible, consisting primarily of its intellectual property surrounding the J.L. Powell brand.  Blue Highways was a fully secured creditor holding a perfected security interest.

25.  On or about January 11, 2013, Blue Highways sent to JL Powell LLC a notice of foreclosure titled "Notice of acceleration and proposal to retain collateral in satisfaction of credit obligations of Blue Highways Holdings III LLC", a copy of which is attached as Exhibit O.

Complaint for Declaratory Relief

26.   On or about January 14, 2013, William Dargie, who was then CEO of JL Powell LLC, received the notice of foreclosure and delivered it to each of the directors of JL Powell LLC, including the only remaining Class B Director, Martin Laird Koldyke.  Upon receiving a copy of the notice of foreclosure by Blue Highways, Mr. Koldyke advised that he was resigning from the board of directors of JL Powell LLC "effective" December 31, 2012.  A copy of Mr. Koldyke's letter of resignation is attached as Exhibit P.

27.   On January 31, 2013, following default, notice of foreclosure to JL Powell LLC (attached as Exhibit O), and expiration of the applicable twenty-day notice period, Blue Highways retained and accepted, pursuant to its loan security agreements and Section 9-620 of the Uniform Commercial Code, as adopted in the State of Delaware, all the assets of JL Powell LLC in full satisfaction of the debt due on the secured loans.

28.   A copy of the Minutes of the Board of Directors of JL Powell LLC dated January 31, 2013, at which the board addressed the default and foreclosure notice, is attached as Exhibit Q.  JL Powell, Inc. had neither elected nor taken any steps to elect anyone to replace Mr. Powell or Mr. Koldyke as Class B Directors, both of whom had resigned from the JL Powell LLC board of directors.

29.   Blue Highways subsequently contributed all of the assets acquired through the foreclosure to a newly created entity, JL Powell Clothing LLC, of which Blue Highways is the sole member.  A copy of the Secured Creditor's Release Bill of Sale is attached as Exhibit R.

30.   Certain current or former officers, directors, or shareholders of the Class B Member, Defendant JL Powell, Inc., have alleged that the Class A Member, Blue Highways, somehow breached fiduciary duties by virtue of its loan advances to JL Powell LLC and its foreclosure on those loans.  As a result, an

Complaint for Declaratory Relief

1   actual controversy has arisen relating to the rights and obligations of the

2   parties under the LLC Agreement of JL Powell LLC.

3

4                       **PRAYER FOR RELIEF**

5   31.   **WHEREFORE**, Plaintiff Blue Highways Holdings III LLC requests a

6        declaratory judgment and decree against Defendant JLP Retail Holding

7        Company, Inc., formerly named JL Powell, Inc., ruling that, as the parties

8        agreed in their LLC Agreement, the advances made by Class A Member Blue

9        Highways to JL Powell LLC were loans, not capital contributions; that Blue

10        Highways acted properly in exercising its rights as a secured lender under the

11        terms of the loan documents when it foreclosed on the defaulted loans; and

12        that Blue Highways did not breach any fiduciary or other duty to the Class B

13        member, Defendant JL Powell, Inc.

14   32.   Plaintiff further requests an award of attorney's fees and costs and such

15        further or other relief as may be necessary to effectuate the Court's declaratory

16        judgment or as this Court may deem just and proper.

17

18

19   Dated:  September 11, 2014.        Respectfully submitted,

20                                ORANGE LAW OFFICES

21

22                              By: /s/Olu K. Orange_____

23                                 Olu K. Orange, Esq.
                                     Attorney for Plaintiff

24

25

26

27

28

Complaint for Declaratory Relief