1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

*Joint Written Consent of JL Powell, Inc.*

## JOINT WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF JL POWELL, INC. AND THE STOCKHOLDERS OWNING NOT LESS THAN A MAJORITY OF EACH OF THE CLASS A, CLASS B, CLASS C AND CLASS D PREFERRED STOCK AND NOT LESS THAN A MAJORITY OF THE COMMON STOCK

WHEREAS, JL Powell, Inc. (the "Company") completed a recapitalization in April 2009;

WHEREAS, the Company continues to require additional capital to conduct its operations, including but not limited to acquisition of inventory for the coming spring/summer seasons;

WHEREAS, the Company has had discussions with numerous prospective lenders and buyers over the past nine months;

WHEREAS, the Company has negotiated a transaction with Blue Highways Holdings LLC ("BH") at a valuation of approximately $4.38M which management is recommending that the Company's shareholders and directors approve (the "Contribution Transaction");

WHEREAS, given the Company's current financial status and the status of the capital and credit markets, it is the business judgment of management and the board of directors that the Contribution Transaction is the Company's best current alternative if the Company's business is continue in any form;

WHEREAS in contemplation of the Contribution Transaction management has identified a number of steps for the board to consider related to the closing of the Contribution Transaction if approved;

## CONTRIBUTION TRANSACTION TERMS

WHEREAS, the proposed transaction can be summarized as follows: the Company will contribute all of its assets and substantially all of its liabilities to JL Powell LLC, a Delaware limited liability company ("Newco") in exchange for a 43% Class B interest in Newco. The business currently conducted by the Company will be conducted through Newco going forward. The liabilities that are not being assumed are those which the Company (1) knows of but does not disclose at closing and (2) those it does not know of and which relate to the period prior to closing. The liability for any misrepresentations by the Company is unlimited (but is practically limited by its post-closing assets less retained liabilities); the liability of the Company's shareholders for any misrepresentations made by the Company following a distribution, if any, of the Class B interests in Newco in a liquidation of the Company, is limited to the Class B interests each receives and any proceeds thereof or distributions thereon. Please refer to Exhibit A (Draft of Contribution Agreement) attached hereto and by this reference made a part hereof.

WHEREAS, as a condition of the transaction, among other things, the Company and Joshua Powell must give up all rights to the name of the Company and the Company must

513174v3

change its name post-closing.  Please refer to Exhibit A and Exhibit B (Draft of Joshua Powell Employment Agreement with Newco.

WHEREAS, the in order to accomplish the name change the directors and shareholders must consent to a change of the Company's name, which after the closing shall be "JLP Retail Holding Company, Inc.";

WHEREAS, the Class B interests shall be entitled to a 6% preferred return on the Company's deemed equity contribution of approximately $1.885M which is subordinate to BH's, as the holder of the Class A interests, 6% preferred return on its capital contribution of $2,500,000 to Newco.  After the holders of the Class A and B interests have received their accrued and unpaid preferred return amounts from time to time, distributable cash shall be distributed pro rata to the members according to their relative interests in Newco.  Please refer to Exhibit C (Draft of Newco Operating Agreement) attached hereto and by this reference made a part hereof.;

WHEREAS, the Newco Operating Agreement contains restrictions on the transfer of interests in Newco, requirements for members to contribute additional capital, and requirements to participate in various forms of potential sales of the business of Newco with respect to most of which the holder(s) of Class B interests in Newco will have no vote as a result of BH's control of Newco's board of directors and the fact that virtually all decisions are controlled by a vote of the holders of a majority of Newco's voting interests, which at least initially is BH alone;

WHEREAS, following the closing of the Contribution Transaction the Company will hold the Class B interests in Newco for at least eighteen months (18) and thereafter in the discretion of the Company's board of directors, and subject to the restrictions in the Newco Operating Agreement, will distribute the Class B interests to the Company's shareholders;

WHEREAS, the holder of the Class B interests in Newco shall have the right to nominate and elect two (2) members of the Newco board of directors, subject to the reasonable approval of the holders of the Class A interests;

WHEREAS, the Class A members have indicated that they would accept Joshua Powell and Laird Koldyke as representatives of the Company on the Newco board of directors;

WHEREAS, when and if made, the distribution by the Company of Class B interests in Newco in the liquidation of the Company will be made to the Company's shareholders in accordance with their relative priorities as set forth in the Company's Articles of Incorporation as amended through April 6, 2009 attached hereto as Exhibit D (Articles of Incorporation of JL Powell, Inc. as amended through April 6, 2009).  (the "Amended Articles") unless the Company's board and the requisite shareholders of the Company shall hereafter agree otherwise.

WHEREAS, this distribution, when and if made, could in some shareholders receiving no proceeds and others receiving less than the value of their invested or accrued liquidation value in the Company;

WHEREAS, if the distribution were made at the closing of the Contribution Transaction the Company's Series D Preferred holder would the first $1.25M of value (roughly two-thirds) of the consideration the Company will receive in the Contribution Transaction and the Series B and C Preferred holders would share pro rata based upon their liquidation values at the date of the closing the remaining approximately $605,000 (roughly one third) of the consideration the Company will receive in the Contribution Transaction and no other equity holder in the Company would receive any portion of the Contribution Transaction consideration;

WHEREAS, the Contribution Transaction constitutes a Fundamental Change as defined in the Amended and Restated Shareholders Agreement dated April 6, 2009 (the "Shareholders' Agreement") which entitles the Company's Preferred Shareholders to redeem their shares.

WHEREAS, pursuant to the terms of the Newco Operating Agreement, the Company is prohibited from distributing the Class B interests in Newco to the Company's stockholders which effectively prohibits the transfer of the Class B interests to the Company's Preferred shareholders that might elect to be redeemed;

WHEREAS, the board believes that the Preferred Shareholders should waive this right of redemption;

WHEREAS, a condition of the Contribution Transaction was an amendment of the Company's current warehouse lease;

WHEREAS, the landlord with respect to the Company's warehouse space is an affiliate of Frank Brumfield, a director and shareholder of the Company;

WHEREAS, in connection with the proposed lease amendment Mr. Brumfield was asked to forgo his claim of ~$89,000 of back rent;

WHEREAS, Mr. Brumfield has proposed that the Company agree to provide the landlord of the warehouse space with a right to repayment of this amount which is senior only to distributions to the Company's common shareholders;

WHEREAS, Newco will have a pool of non-voting and subordinated participation interests comprising approximately 12% of Newco, Class C interests, which pool will be dilutive to both the Class A and Class B owners;

WHEREAS, Newco intends to make a grant of Class C interests in Newco to Joshua Powell which grant shall represent an approximately 7.5% interest in Newco.  Please refer to Exhibit E (Draft of Class C Grant Agreement in favor of Joshua Powell) attached hereto and by this reference made a part hereof;

WHEREAS, Mr. Robert Boyle, the holder of the Class D Warrant was initially entitled to a 51% interest in the Company;

WHEREAS, Mr. Boyle contributed $1.25M to the Company rather than the originally agreed upon $1.5M;

WHEREAS, Mr. Boyle and the management have agreed that Mr. Boyle shall, effective upon the closing of the Contribution Transaction, be entitled to 42.5% of the Company rather than 51%;

WHEREAS, in connection with the previous recapitalization of the Company a Non – Qualified Stock Option Plan was adopted and the Company entered into an Incentive Bonus Agreement with Joshua Powell;

WHEREAS, the board and Joshua Powell have agreed to treat the Contribution Transaction as a sale of the Company under the Incentive Bonus Agreement and the Company and Joshua Powell agree that on and after the date that the Contribution Transaction closes he will no longer be entitled to any benefit of the Incentive Bonus Agreement;.

WHEREAS, 15,000 shares of Common Stock were reserved for issuance under that plan.

WHEREAS, a grant to Joshua Powell was contemplated by the board but has not prior to the date hereof been made;

WHEREAS, the board desires to make a grant under that plan to Joshua Powell effective immediately prior to the closing of the Contribution Transaction in the amount of 5,822 shares which shares shall vest immediately prior to the closing of the Contribution Transaction;

NOW, THEREFORE, be it resolved that the board hereby grants Joshua Powell 5,822 shares of the Company's common stock which grant shall vest 100% in connection with the closing of the Contribution Transaction;

FURTHER RESOLVED, that the Incentive Bonus Agreement between the Company and Joshua Powell is hereby rescinded.

FURTHER RESOLVED, that the Company and Robert Boyle acknowledge and agree that notwithstanding the terms of the Series D Warrant and the terms of the Series D Shares, Mr. Boyle's rights are modified to reflect the fact that he contributed $1.25M to the Company rather than the originally contemplated $1.5M;

FURTHER RESOLVED, that the Company agrees to pay, prior to any distribution to the holders of Common Stock, FSB Warehouse, an entity controlled by Frank Brumfield, an amount equal to $89,000 (or shares in Newco of equivalent value) in consideration of a portion of the unpaid rent on the Company's warehouse space.

FURTHER RESOLVED, that the Company shall enter into the Contribution Transaction as described above and as more particularly set forth in the transaction documents attached hereto.

513174v3

FURTHER RESOLVED, that it is a condition of the Contribution Transaction that the Company's 401(k) Plan with John Hancock be terminated as of the closing of such transaction.

FURTHER RESOLVED that the Company's officers shall prepare or shall cause counsel to prepare such correspondence and consents of shareholders of the Company as are necessary to accomplish the foregoing;

FURTHER RESOLVED, that the holders of the Company's Preferred Stock, by their execution of this consent waive their redemption rights as set forth in the Shareholders Agreement;

FURTHER RESOLVED, as required under the terms of the Contribution Agreement as part of the Contribution Transaction ) the directors agree to bind the Company and to obtain the consent of the Company's stockholders that from the date the Contribution Agreement is executed until such time as the Contribution Transaction is closed or the Contribution Agreement is terminated, they will vote (i) against any Competing Transaction (as defined in the Contribution Agreement) or any other action that could reasonably be expected to delay or not to facilitate approval of the Contribution Transaction, (ii) against any action or agreement that could reasonably be expected to result in a breach of any covenant, representation or warranty or any other obligation or agreement of the Company under the Contribution Agreement or that could reasonably be expected to result in any of the conditions to Company's obligations under the Contribution Agreement not being fulfilled, and (iii) in favor of any other matter facilitating the consummation of the transactions contemplated by the Contribution Agreement

FURTHER RESOLVED, that the officers of the Company are hereby authorized to complete the negotiation of the transaction documents which shall be substantially in the form attached hereto;

FURTHER RESOLVED, that the officers of the Company are authorized to execute and deliver the transaction documents and any documents reasonably necessary to accomplish and complete the transactions contemplated thereby;

FURTHER RESOLVED, that the Company shall in connection with the closing of the Contribution Transaction the Company shall file an amendment to its articles of incorporation to change its name to "JLP Retail Holding Company, Inc."

FURTHER RESOLVED, that Joshua Powell and Laird Koldyke shall be the Company's nominees to serve on Newco's board of directors.

FURTHER RESOLVED, that this written consent may be signed in counterparts and that all counterparts taken together shall comprise one consent.

Dated as of: March 10, 2010

513174v3

_____
Joshua Powell


_____
Frank Brumfield


_____
Laird Koldyke


_____
Robert F. Boyle


_____
Dolores M. Boyle

513174v3

_____
Joshua Powell


_____
Frank Brumfield


_____
Laird Koldyke


_____
Robert F. Boyle


_____
Dolores M. Boyle

_____

Joshua Powell


_____

Frank Brumfield


_____

Laird Koldyke


_____

Robert F. Boyle


_____

Dolores M. Boyle


513174v3

Joshua Powell
_____

Frank Brumfield
_____

Laird Koldyke
_____

Robert F. Boyle
_____

Dolores M. Boyle
_____

513174v3

Acknowledgment regarding
Changes in terms of Class D Preferred Conversion:

Robert F. Boyle

Acknowledgment of termination of
Incentive Bonus Agreement in connection
with Contribution Transaction closing

Joshua Powell

## CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE CLASS D
## PREFERRED SHARES

Robert F. Boyle

**CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE CLASS C
PREFERRED SHARES**

_____
Frank Brumfield  [13,915.815 shares]


_____
Laird Koldyke  [2,632.719 shares]


_____
William Hobert  [1,880.519 shares]


_____
Charles L. McElveen III  [3,761.017 shares]

513174v3

## CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE CLASS C PREFERRED SHARES

_____

Frank Brumfield  [13,915.815 shares]

_____

Laird Koldyke  [2,052,719 shares]

_____

William Hobert  [1,880.519 shares]

_____

Charles L. McElveen III  [3,761.017 shares]

513174v3

**CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE CLASS B PREFERRED SHARES**

Frank Brumfield

## CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE CLASS A PREFERRED STOCK

**Series A-1 Holders:**

Lakeside JLP, LLC  [4678.934 shares]

By: _____

     Laird Koldyke, its Manager

_____

Frank Brumfield  [4159.052 shares]

_____

David Lee  [2599.408 shares]

_____

William Hobert  [2079.526 shares]

_____

Pat Shea  [2079.526 shares]

Kingstreet Trading, LLC  [1039.525 shares]

By:_____

     Charles L. McElveen III, its Manager

_____

Gilles Demeuleaere  [1039.525 shares]

513174v3

## CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE CLASS A PREFERRED STOCK

**Series A-1 Holders:**

Lakeside JLP, LLC  [4678.934 shares]


By:_____
    Laird Koldyke, its Manager


_____
Frank Brumfield  [4159.052 shares]


_____
David Lee  [2599.408 shares]


_____
William Hobert  [2079.526 shares]


_____
Pat Shea  [2079.526 shares]


Kingstreet Trading, LLC  [1039.525 shares]


By:_____
    Charles L. McElveen III, its Manager


_____
Gilles Demeuleaere  [1039.525 shares]

_____
Neeta Demeuleaere  [1039.525 shares]


MAG Capital, LLC  [1039.525 shares]


By:_____
    Marc Greenspoon, its Manager



_____
Pablo Melgarejo  [1039.525 shares]



_____
Rex Sessions  [1039.525 shares]



_____
Steve Helms  [519.774 shares]


Heymeyer LLC  [519.774 shares]


By:_____
Chris Heymeyer, its Manager


Dickinson Investments, LLC  [519.774 shares]


By:_____
Daniel M. Dickinson, its Managing Director

**Series A-2 Holders:**

_____

Joshua Powell  [2320.900 shares]


_____

Frank Brumfield  [4158.300 shares]

513174v3

**Series A-2 Holders:**

_____

Joshua Powell  [2320.900 shares]

Frank Brumfield  [4158.300 shares]

513174v3

## CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE COMMON STOCK

Laurelle Timms [540 shares]


Burt Avedon [527 shares]


Susan Colby [527 shares]


Dan Connors [797.83 shares]

513174v3

# CONSENT OF THE HOLDERS OF AT LEAST A MAJORITY OF THE COMMON STOCK

---
Laurelle Timms [540 shares]

---
Burt Avedon [527 shares]

---
Susan Colby [527 shares]

---
Dan Connors [797.83 shares]

523174v5