1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

*Bill of Sale and Assignment Agreement*

_____
Complaint for Declaratory Relief

## JL POWELL LLC/ JL POWELL, INC.
## BILL OF SALE AND ASSIGNMENT AGREEMENT

This BILL OF SALE AND ASSIGNMENT AGREEMENT (this "Bill of Sale") dated as of March 10, 2010, is executed and delivered by JL Powell, Inc., a Michigan corporation ("JLP"), in favor of JL Powell LLC, a Delaware limited liability company ("Company") pursuant to that certain Contribution Agreement dated as of March 10, 2010 by and among JLP and the Company (the "Contribution Agreement"). Capitalized terms used herein shall be as defined in the Contribution Agreement.

**WHEREAS**, the execution and delivery of this Bill of Sale by the Seller is a condition to the obligations of the Company to consummate the transactions contemplated by the Contribution Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and pursuant to the Contribution Agreement, JLP, intending to be legally bound, hereby agrees as follows:

1. <u>Sale and Assignment of Contributed Assets</u>. JLP hereby sells, assigns, transfers, conveys, grants, bargains, sets over, releases, delivers, vests and confirms unto the Company, its successors and assigns, forever, the entire right, title and interest of JLP in and to the Contributed Assets, as defined in the Contribution Agreement and identified on Exhibit A hereto. JLP warrants that upon delivery to the Company of the Contributed Assets sold, assigned, transferred, conveyed, granted, bargained, set over, released, delivered, vested and confirmed from JLP to the Company pursuant to this Bill of Sale, the Company will own, with good and marketable title, the Contributed Assets, free and clear of all Liens (other than Permitted Encumbrances).

2. <u>Excluded Assets Not Sold and Assigned</u>. Notwithstanding anything in this Agreement or the Contribution Agreement to the contrary, it is understood that none of the Excluded Assets are being transferred or assigned to Company.

3. <u>Power of Attorney</u>. JLP hereby constitutes and appoints the Company, its successors and assigns, the true and lawful attorney and attorneys of JLP, with full power of substitution, in the name of the Company or in the name and stead of JLP, but on behalf of, for the benefit and at the expense of the Company, its successors and assigns: (i) to collect, demand and receive any and all Contributed Assets hereby sold and assigned to the Company or intended so to be and to give receipts and releases for and in respect of the same; (ii) to institute and prosecute any and all actions, suits or proceedings, at law, in equity or otherwise, which the Company may deem proper in order to collect, assert or enforce any claim, right or title of any kind in or to the Contributed Assets hereby sold and assigned to the Company or intended so to be, to defend or compromise any and all actions, suits or proceedings in respect of any of the Contributed Assets, and to do all such acts and things in relation thereto as the Company shall deem advisable; and (iii) to take any and all other reasonable action designed to vest more fully in the Company the Contributed Assets hereby sold and assigned to the Company or intended so to be and in order to provide for the Company the benefit, use, enjoyment and possession of such

Contributed Assets. JLP acknowledges that the foregoing powers are coupled with an interest and shall be irrevocable by it or upon its subsequent dissolution or in any manner or for any reason. The Company shall be entitled to retain for its own account any amounts collected pursuant to the foregoing powers, including any amounts payable as interest with respect thereto. JLP shall from time to time pay to the Company, when received, any amounts which shall be received directly or indirectly by JLP (including amounts received as interest) in respect of any Contributed Assets sold and assigned to the Company pursuant hereto. Notwithstanding the foregoing, JLP will from time to time, at the Company's request and without further cost or expense to the Company, execute and deliver to the Company such other instruments of transfer and take such other actions as the Company may reasonably request so as more effectively to transfer the Contributed Assets to the Company free of all Liens (other than Permitted Encumbrances).

4. <u>Obligations and Liabilities Not Assumed</u>. Nothing expressed or implied in this Bill of Sale shall be deemed to be an assumption by the Company of any Liabilities of JLP. The Company does not by this Bill of Sale assume or agree to pay, perform or discharge any Liabilities of JLP of any nature, kind or description whatsoever. The terms and provisions of the assumption of the Assumed Liabilities by the Company are set forth in the Assumption Agreement dated as of the date hereof between the Company and JLP.

5. <u>No Third Party Beneficiaries</u>. This Bill of Sale shall be binding upon and inure solely to the benefit of the parties hereto and their permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this Bill of Sale.

6. <u>Assignment</u>. Neither this Bill of Sale nor any of the rights, interests or obligations hereunder shall be assigned by any of the parties hereto (whether by operation of law or otherwise) without the prior written consent of JLP and the Company; provided, however that the Company may assign (without consent) any of its rights under this Bill of Sale to any of its Affiliates or to any successor to all or substantially all of its business (whether by sale of ownership interests or assets, merger, consolidation or otherwise). Subject to the preceding sentence, this Bill of Sale will be binding upon, inure to the benefit of and be enforceable by the parties and their respective successors and permitted assigns.

7. <u>Counterparts</u>. This Bill of Sale may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

8. <u>Governing Law</u>. This Bill of Sale shall be governed by, and construed in accordance with, the laws of the State of Delaware applicable to contracts executed in and to be performed entirely within that state, without regard to conflicts of laws provisions.

9. <u>Representations and Warranties</u>. JLP, by execution of this Bill of Sale, and the Company, by its acceptance of this Bill of Sale, hereby acknowledges and agrees that neither the representations and warranties nor the rights, obligations or remedies of any party under the Contribution Agreement shall be deemed to be modified or altered in any way by this instrument.

IN WITNESS WHEREOF, the Company and JLP have caused this Bill of Sale to be duly executed as of and on the date first above written.

**COMPANY:**

JL POWELL LLC,

By: Blue Highways Holdings III LLC,
its Manager

By: Blue Highways Management III LLC,
its Manager

By: *[signature]*
Name: Bruce A. Willard
Title: Manager

**JLP:**

JL POWELL, INC.,
a Michigan corporation

By: _____
Name: Joshua L. Powell
Title: President

IN WITNESS WHEREOF, the Company and JLP have caused this Bill of Sale to be duly executed as of and on the date first above written.

**COMPANY:**

JL POWELL LLC,

By: Blue Highways Holdings III LLC,
its Manager

By: Blue Highways Management III LLC,
its Manager

By: _____
Name: Bruce A. Willard
Title: Manager

**JLP:**

JL POWELL, INC.,
a Michigan corporation

By: _____
Name: Joshua L. Powell
Title: President

## EXHIBIT A
### (Sale and Assignment of Contributed Assets)

The assets, properties and rights of or relating to or used at any time in the Business of every kind, nature and description, real, personal, tangible and intangible, known or unknown, wherever located including, without limiting the generality of the foregoing:

(a) all of the assets reflected on the Interim Financial Statements (as defined in Section 4.5 of the Contribution Agreement), other than the Excluded Assets (as defined in Section 1.2 of the Contribution Agreement) and those assets disposed of after the Balance Sheet Date (as defined in Section 4.5 of the Contribution Agreement) in the Ordinary Course of the Business (as defined in Section 4.6 of the Contribution Agreement) which are immaterial either individually or in the aggregate to JLP;

(b) all notes and accounts receivable relating to the Business as of the Closing Date in connection with sales arising out of the Business prior to the Closing Date with recourse to JLP;

(c) all marketing materials, training materials, office and reference manuals and similar items associated with the Business;

(d) all creative materials and advertising and promotional materials necessary or used in connection with the Business, wherever stored or located;

(e) all franchises, licenses, consents, certificates and other Permits (as defined in Section 4.16(a)) (to the extent the same are legally transferable);

(f) all JLP Intellectual Property (as defined in Section 4.10(a) of the Contribution Agreement);

(g) all contracts, agreements, contract rights, license agreements, purchase and sales orders, quotations and other executory rights of JLP and commitments of third parties relating to the Business;

(h) all lease and rent deposits and prepaid expenses (other than those relating to any real estate leases set forth on Exhibit A to the Contribution Agreement);

(i) all furniture, art work, fixtures, equipment (including office equipment), machinery, parts, computer hardware, tools, dies, jigs, patterns, molds, automobiles and trucks and all other tangible personal property, including, without limitation, any of the foregoing which has been fully depreciated, associated with the conduct of the Business;

(j) all books of account, general, financial, tax and personnel records, customer and supplier lists including addresses, drawings, files, papers and other records relating to the Business (including all data and other information stored on discs, tapes or other media);

(k) all inventory relating to the Business, including, without limitation, raw materials, work in process, finished goods, service parts and supplies;

(l) all causes of action, judgments and claims or demands of whatever kind or description arising out of or relating to the Business;

(m) all real property owned or leased by JLP together with all buildings and other structures, facilities or improvements currently or hereafter located thereon; all fixtures, systems, equipment and items of personal property of JLP attached or appurtenant thereto; and all easements, licenses, rights and appurtenances relating to the foregoing;

(n) all rights and interests of JLP to the proceeds of insurance claims arising from damage to the Contributed Assets (as defined in the Contribution Agreement) prior to the Closing;

(o) all rights of JLP, if any, under express or implied warranties from suppliers and vendors of JLPs which are related to the Business;

(p) all general intangibles used by or useful to the Business, including, without limitation, all corporate goodwill of JLP;

(q) all cash, cash equivalents and bank accounts and securities accounts owned by JLP at the Closing; and

(r) all other assets of JLP used or useful to the conduct of the Business, whether or not reflected on the books or records of JLP or the Business.