# EXHIBIT H

*Amendment No 1 to Convertible Note and Loan Security Agreement*

AMENDMENT NO. 1 TO CONVERTIBLE NOTE

AND LOAN AND SECURITY AGREEMENT

This AMENDMENT NO. 1 TO CONVERTIBLE NOTE AND LOAN AND SECURITY AGREEMENT (this "Amendment") is made and entered into as of March 29, 2011, by and among JL Powell LLC, a Delaware limited liability company (the "Company"), and Blue Highways Holdings III LLC, a Delaware limited liability company (the "Lender").

RECITALS

A. The Company and the Lender are parties to a Loan and Security Agreement, dated as of October 20, 2010 (the "Security Agreement"), pursuant to which the Lender agreed to extend to the Company a non-revolving line of credit of $500,000, and in connection therewith the Company executed and delivered to the Lender a Convertible Note dated as of October 20, 2010 (the "Note"). Capitalized terms used and not defined in this Amendment shall have the respective meanings set forth in the Security Agreement or the Note, as the case may be.

B. The Company and the Lender now wish to further modify certain terms of the Note and the Security Agreement.

NOW, THEREFORE, in consideration of the foregoing Recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Company and the Lender agree as follows:

1. <u>Amendments</u>.

   1.1. The Company and the Lender agree that Section 2.4(i) of the Note shall be deleted and replaced in its entirety as follows:

   "(i) No amount withdrawn under this Note shall be payable to Lender prior to September 30, 2011 (the "Draw Term End Date"), without the Lender's prior written consent."

   1.2. The Company and the Lender agree that Section 6(a) of the Security Agreement shall be deleted and replaced in its entirety as follows:

   "(a) This loan facility is a non-revolving line of credit. Prior to September 30, 2011 (the "Draw Term End Date"), Borrower may not repay in cash any principal amount due under the Note without Lender's prior written consent. Thereafter, all principal and accrued but unpaid interest shall be paid on a quarterly basis pursuant to and in accordance with the terms of the Note."

2. <u>Continued Validity of Note and Security Agreement</u>. The parties hereto agree that the Note and the Security Agreement (as amended by this Amendment), remain in full force and effect, modified to the extent and only to the extent necessary to give effect to this Amendment.

3. <u>Representations and Warranties</u>.  The Company hereby represents and warrants to the Lender that each of the representations and warrants set forth in Section 4 of the Security Agreement are true and correct as of the date hereof.

4. <u>Miscellaneous</u>.

    4.1. *Entire Agreement*.  This Amendment contains the entire understanding of the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, oral or written, with respect to such matters.

    4.2. *Notices*.  Any and all notices or other communications or deliveries required or permitted to be provided hereunder shall be in writing and shall be deemed given and effective as specified in the Security Agreement.  The address for such notices and communications shall be as set forth on the signature pages attached to the Security Agreement.

    4.3. *Amendments; Waivers*.  No provision of this Amendment may be waived or amended except in a written instrument signed, in the case of an amendment, by the Company and the Lender or, in the case of a waiver, by the party against whom enforcement of any such waiver is sought. No waiver of any default with respect to any provision, condition or requirement of this Amendment shall be deemed to be a continuing waiver in the future or a waiver of any subsequent default or a waiver of any other provision, condition or requirement hereof, nor shall any delay or omission of either party to exercise any right hereunder in any manner impair the exercise of any such right.

    4.4. *Amendment Controls*. If any topic is addressed in the Note and/or the Security Agreement (or any document related thereto) and in this Amendment, this Amendment shall control.

    4.5. *Governing Law*.  THIS AMENDMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE IN ALL RESPECTS, INCLUDING MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, EXCEPT TO THE EXTENT THE LAWS OF ANOTHER JURISDICTION ARE MANDATORILY APPLICABLE.

    4.6. *Execution*.  This Amendment may be executed in two or more counterparts, all of which when taken together shall be considered one and the same document and shall become effective when counterparts have been signed by each party and delivered to the other party, it being understood that both parties need not sign the same counterpart.  The signature of a party on any counterpart that is transmitted by facsimile or via .pdf to another party or legal counsel for another party shall be deemed an original signature binding upon the executing party and acceptable to all other parties.

4.7. *Severability*. If any provision of this Amendment is held to be invalid or unenforceable in any respect, the validity and enforceability of the remaining terms and provisions of this Amendment shall not in any way be affected or impaired thereby and the parties will attempt to agree upon a valid and enforceable provision that is a reasonable substitute therefor, and upon so agreeing, shall incorporate such substitute provision in this Amendment.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed by their respective authori ed signatories as of the date first indicated above.

**COMPANY:**

JL POWELL LLC

Name: William Dargie
Title: Chief Financial Officer and Chief Operating Officer

**LENDER:**

BLUE HIGHWAYS HOLDINGS III, LLC

By: Blue Highways Management III, LLC, its Manager

Name: Bruce A. L. Willard
Title: Manager

4.7. *Severability*. If any provision of this Amendment is held to be invalid or unenforceable in any respect, the validity and enforceability of the remaining terms and provisions of this Amendment shall not in any way be affected or impaired thereby and the parties will attempt to agree upon a valid and enforceable provision that is a reasonable substitute therefor, and upon so agreeing, shall incorporate such substitute provision in this Amendment.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed by their respective authorized signatories as of the date first indicated above.

**COMPANY:**

JL POWELL LLC

_____
Name: William Dargie
Title: Chief Financial Officer and Chief Operating Officer

**LENDER:**

BLUE HIGHWAYS HOLDINGS III, LLC

By: Blue Highways Management III, LLC, its Manager

_____
Name: Bruce A. L. Willard
Title: Manager

3