# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-7491 PA (RZx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Blue Highways Holdings III, LLC v. JLP Retail Holding Co., Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is an Application for Default Judgment filed by plaintiff Blue Highways Holdings III, LLC ("Plaintiff"). (Docket No. 22.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 2, 2015 is vacated, and the matter taken off calendar.

This action concerns Plaintiff's conduct with respect to its business with defendant JLP Retail Holding Company, Inc., formerly known as JL Powell, Inc. ("Defendant"). Plaintiff alleges that it and Defendant formed JL Powell, LLC ("JLP LLC") on March 10, 2010 as a vehicle for Plaintiff's acquisition of Defendant's catalog and e-commerce business. Plaintiff allegedly contributed $2.5 million in capital in exchange for a majority interest in JLP LLC, while Defendant contributed its intellectual property in exchange for a minority interest in JLP LLC. (Application at 3.) Plaintiff alleges that the parties' respective interests were subsequently adjusted—giving Plaintiff an even larger majority interest—as a result of "Defendant's breach of certain representations and warranties regarding the assets contributed to the LLC by Defendant . . . ." (Id.) Between 2010 and 2012, Plaintiff alleges that it made three loans to JLP LLC totaling $1.4 million. Plaintiff alleges that these loans were secured by all of JLP LLC's assets. (Id.) In January 2013, following JLP LLC's alleged default on the loans, Plaintiff sent a notice of foreclosure. Plaintiff subsequently contributed all of JLP LLC's former assets to a new LLC, of which Plaintiff is the sole member. (Id. at 4.)

Following the foreclosure, Plaintiff claims that "certain current or former officers, directors, or shareholders of the Defendant began asserting that [Plaintiff] somehow breached fiduciary or other duties owed to the Defendant by virtue of its loan advances to [JLP LLC] and its subsequent foreclosure on the security for those loans." (Id.) Plaintiff seeks a judgment declaring that:

> 1) The money advances made by Plaintiff Blue Highways to the parties' business enterprise, JL Powell LLC, were loans and not capital contributions; and
>
> 2) Blue Highways acted lawfully and properly, and did not breach any fiduciary or other duty to Defendant, when it exercised its rights as a secured lender and foreclosed on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7491 PA (RZx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Blue Highways Holdings III, LLC v. JLP Retail Holding Co., Inc. | | |

defaulted loans, retaining and accepting all of the assets of JL Powell LLC in full satisfaction of the debt due on the secured loans.

(Application at 12.) Plaintiff filed its Complaint on September 25, 2014, and the Clerk entered Defendant's default on January 7, 2015.

The Declaratory Judgment Act provides a federal remedy for litigants seeking a judicial declaration of rights "in a case of actual controversy." 28 U.S.C. § 2201(a). "The requirement that a case or controversy exist under the Declaratory Judgment Act is 'identical to Article III's constitutional case or controversy requirement.' If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (internal citations omitted). "An action seeking a declaration of nonliability is ripe when '[o]ne's fears [are] sufficiently real and immediate, based on the actions or representations of one's potential adversary or based on actions one desires to take which may run afoul of a law or agreement, valid or otherwise.'" Levin Meals Corp. v. Parr-Richmand Terminal Co., 799 F.2d 1312, 1316 (9th Cir. 1986) (quoting D'Imperio v. United States, 575 F.Supp. 248, 251 (D. N.J.1983)). "In the trial court, of course, a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." See Cardinal Chem. Co. v. Morton Intern., Inc., 508 U.S. 83, 96, 113 S. Ct. 1967, 1974, 124 L. Ed. 2d 1 (1993).[1]

Plaintiff has not carried its burden. Here, Plaintiff alleges simply that "certain current or former officers, directors, or shareholders of the Defendant [have] beg[u]n asserting that [Plaintiff] somehow breached fiduciary or other duties." Plaintiff provides no information regarding the specific sources of these assertions, the circumstances under which they were made, whether they included anything to suggest potential litigation, or even how Plaintiff came to learn of them. Moreover, Plaintiff does not provide any details regarding the substance of Defendant's alleged assertions. See Plum Creek Timber Co., 255 F. Supp. 2d 1159, 1166 (D. Idaho 2003) (dismissing complaint for declaration of nonliability because "[t]he case as presented to this Court is premature and the legal arguments are not as clear as they are likely to become when this matter is ripe for adjudication."). Plaintiff has therefore failed to allege "actions or representations" by Defendant sufficient to establish that Plaintiff's fears of litigation are "real and immediate." To the extent that Plaintiff is concerned about "the uncertain and unsettling threat of litigation" (Application at 4), the relevant statute(s) of limitation may provide comfort in due time.

Because the Court lacks subject matter jurisdiction, this action is dismissed without prejudice. Plaintiff's Application is denied as moot.

IT IS SO ORDERED.

---

[1]Even when subject matter jurisdiction exists, the district court may decline to exercise its jurisdiction under the Declaratory Judgment Act. See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7491 PA (RZx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Blue Highways Holdings III, LLC v. JLP Retail Holding Co., Inc. | | |